## Commonwealth *v.* Hawthorne (et al., Appellant).

Argued November 27, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Curtis C. Carson, Jr.,* for appellant.

*Michael M. Baylson,* Assistant District Attorney, with him *Alan J. Davis,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 3, 1968:

Arthur W. Hawthorne was charged with aggravated robbery, murder and conspiracy. The alleged crimes occurred on April 1, 1966. At Hawthorne's trial, Della Moultrie Morris, the appellant, was called to the stand by the Commonwealth. She was asked by the assistant district attorney whether she knew Arthur Hawthorne on April 1, 1966, and whether she saw him on that day, and, if so, at what time. She was also asked whether Hawthorne was alone, how he was dressed,

and whether she had any conversation with him. Although she invoked her privilege against self-incrimination, the trial Judge directed her to answer the aforesaid questions, which she did. She replied that she knew the defendant, that he was her boy friend, that she had seen him April 1, 1966 at about 9:30 or 9:45 P.M., and that she had a conversation with him. The assistant district attorney then asked the following question: "What was the conversation?" *After consulting with her attorney,* the witness invoked her privilege against self-incrimination and refused to answer the question. Thereafter, First Assistant District Attorney Richard A. Sprague testified that he had had a conversation with Della Moultrie Morris, and that she had stated to him that she herself was not implicated in the crime. This testimony was offered to show that appellant's assertion of her privilege against self-incrimination was unfounded and not credible. The trial Judge ordered the witness to answer the question, which she refused to do. She was thereafter adjudged in contempt of Court and sentenced to fifteen days in the county prison. From this contempt Order she appealed to this Court.

Appellant's principal contention is that an answer to the question propounded by the assistant district attorney might tend to establish that she was guilty as an accessory after the fact to murder. In *Commonwealth v. Carrera,* 424 Pa. 551, 227 A. 2d 627, the Court said (pages 552-554): "The privilege afforded against compulsory self-incrimination by the Fifth Amendment to the United States Constitution is now protected under the Fourteenth Amendment against abridgment by the states: Malloy v. Hogan, 378 U.S. 1 (1964). Accord, Murphy v. Waterfront Commission of New York, 378 U.S. 52 (1964); Tehan v. U.S. ex rel. Shott, 382 U.S. 406 (1966); and, Commonwealth v. Negri, 419 Pa. 117, 213 A. 2d 670 (1965). The privi-

lege, if properly invoked in a state proceeding, is governed by federal standards. In other words, the standards to be now used in determining whether or not the silence of one questioned about the commission of a crime is justified are the same in both state and federal proceedings. See, Malloy v. Hogan, supra. And, under the more recent and now controlling federal decisions, it is not necessary that a real danger of prosecution exist to justify the exercise of the privilege against self-incrimination. *It is sufficient if the person questioned has reasonable cause to apprehend such danger.** See, Hoffman v. United States, 341 U.S. 479 (1951). Moreover, *the privilege extends* not only to the disclosure of facts which would in themselves establish guilt, but *also to any fact which might constitute an essential link in a chain of evidence by which guilt can be established.* See, Hoffman v. United States, supra; Blau v. United States, 340 U.S. 159 (1950); United States v. Coffey, 198 F. 2d 438 (1952); and, In re Contempt of Myers and Brei, 83 Pa. Superior Ct. 383 (1924).

"When an individual, such as the instant appellant, is called to testify before a grand jury or in a judicial proceeding, he or she is not exonerated from answering questions merely upon the declaration that in so doing it would be self-incriminating. It is always for the court to judge if the silence is justified, and an illusory claim should be rejected. However, for the court to properly overrule the claim of privilege, it must be *perfectly clear*** from a careful consideration of all the circumstances, that the witness is mistaken in the apprehension of self-incrimination and the answers demanded *cannot possibly*** have such tendency: Hoffman v. United States, supra.

---

\* Italics ours, unless otherwise indicated.
\*\* Italics in original.

"Under the circumstances the instant case presents, it is not 'perfectly clear' that the answers demanded of the appellant before the grand jury *could not possibly have a tendency to incriminate her.* On the contrary, it is clear that reasonable cause for such apprehension existed, and the privilege claimed should have been sustained."

Under the circumstances in this case, it is not "perfectly clear" that the *answers demanded* of Della Moultrie Morris *could not possibly have a tendency to incriminate her.* On the contrary, it is quite probable that her answer could tend to incriminate her as an accessory after the fact to murder, or be an essential link in a chain of evidence by which her guilt could be established. When not under oath, and when unrepresented by counsel, she told Mr. Sprague (the assistant district attorney) that she was not implicated in the crime. Under such circumstances, including her intimate relationship with the indicted criminal, her statement to the district attorney cannot constitute a waiver of her Constitutional privilege against self-incrimination.

Judgment of sentence reversed.