## Bandes v. Klimowski

*Behrend and Aronson,* for plaintiff.

*Thomas J. Terputac and William D. Phillips,* for defendant Klimoski.

*Peacock, Keller, Yohe and Day* and *Ira B. Coldren, Jr.,* for defendant Brownville General Hospital.

CICCHETTI, *J.,* March 11, 1977 — Plaintiffs, Anthony Bades and Margaret, his wife, instituted suit against Joseph Klimowski, a medical doctor. A second suit was filed against Brownsville General Hospital. Both actions seek damages stemming from the alleged negligence of both defendants in the care and medical treatment of Anthony Bandes for a broken wrist and punctured lung suffered in February, 1973, and in the distribution, prescription and administration of morphine and other addictive narcotic medicines to plaintiff. The allegations as to the latter include activities of the hospital between February 1973, and June 1975; the allegations against Dr. Klimowski cover a period from 1959 to 1975.

Plaintiffs gave notice that, pursuant to Pa. R.C.P. 4007, depositions would be taken of the individual defendant and of three employes of the hospital. Two of the employes were Casimer M. Wieczorek, administrator, an Irwin Volkin, pharmacist. Upon the advice of counsel, these three deponents refused to answer certain questions propounded by counsel for plaintiffs. As a result, the motion for sanctions under Pa. R.C.P. 4019(b), now before the court, was filed.

Three grounds have been put forward, with defendant arguing that at least one of these grounds justifies each refusal to answer. While many of the objections are proper on the bases put forward,

some of the refusals cannot be justified, and the deponents must be compelled to answer these questions.

Dr. Klimowski objects to two questions on the ground that a forced answer would violate his privilege against self-incrimination under the Fifth Amendment to the United States Constitution as applied to the States by the Fourteenth Amendment. This privilege is available to one called upon to testify in a civil proceeding: In Re Commonwealth Financial Corporation, 288 F. Supp. 786 (E.D. Pa. 1968), affirmed 408 F.2d 640 (3d. Cir. 1969), cert. den. 395 U. S. 961 (1969). The privilege is applicable to pretrial proceedings, such as that involved here: In Re Penn Central Securities Litigation v. Penn Central Co., 347 F. Supp. 1347 (E.D. Pa. 1972). To invoke the privilege, the witness need not be under a real danger of future prosecutions, but must have reasonable cause to apprehend that a danger of future jeopardy may arise: Commonwealth v. Hawthorne, 428 Pa. 260, 236 A.2d 519 (1968); United States ex rel. Yates v. Rundle, 326 F. Supp. 344 (E.D. Pa. 1971). The privilege covers answers which will either themselves incriminate or furnish a link in the chain of evidence needed to prosecute: Hawthorne, supra; United States v. Harmon, 339 F.2d 354 (6th Cir. 1964), cert. den. 380 U. S. 944 (1965); United States v. Mahady & Mahady, 512 F. 2d 521 (3d Cir. 1975).

Both questions to which this objection has been raised fall within the privilege. The first: "Are you required by law to maintain records of sales of narcotics and other habit forming drugs that you prescribe for your patients?" goes to the knowledge of the deponent as to his obligation under the Federal

and State drug laws to keep track of the use of narcotics with his patients. See, for example, Act of April 14, 1972, P.L. 233, 35 P.S. §780-112(b). Under 35 P.S. §780-113(a)(21), the failure to keep a required record is a prohibited act, punishable by imprisonment of up to six months and a fine not exceeding $10,000: 35 P.S. §780-113(c)(1).

The second question, "Sir, did you ever in the past ever give Mr. Anthony Bandes narcotics in exchange for money so that you could continue in a dice game?" also is within the privilege. The implication is that drugs were dispensed by a licensed practitioner beyond the scope of his professional practice and not in accordance with treatment principles accepted by the medical profession. This is prohibited by 35 P.S. §780-113(a)(14). A violation carries the severe penalty of imprisonment for a maximum of 15 years, and a fine not exceeding $250,000.

Objection to one question in the Wieczorek deposition is properly made under the Peer Review Protection Act of July 20, 1974, P.L. 564, sec. 1 et seq., 63 P.S. §425.1 et seq. Under section 425.4, certain records pertaining to review of professional qualifications are granted a privilege to be held in confidence beyond the reach of discovery procedures in any civil proceeding against a health care professional. This includes the records of a review organization, defined in section 425.2 as " . . . any committee engaging in peer review, including . . . any hospital board or committee reviewing the professional qualifications . . . of its medical staff or applicants . . . thereto." The privilege applies to the question asked of the administrator, "Has there ever been any infraction of the rules concerning Dr. Klimowski other than the late report-

ing of hospital records?" Such an inquiry is exactly the type which the statute is designed to protect. Since the inquiry occurred after the effective date of the act, its provisions apply; no answer may be compelled due to the statutory privilege.

The final group of objections deals with the ground of relevance. Pa. R.C.P. 4007(a) limits depositions to matters which are relevant to the subject matter involved in the action and which substantially aid in the preparation or trial of the case. In this court, the test for relevancy on discovery is " '. . . not whether the anticipated answer to the proposed question can immediately qualify as admissible evidence, but whether the proposed question may possibly lead to an answer or answers which, alone or together, may be admissible and possess sufficient probative force to affect a material part of the cause of action . . .' " Rota v. Luzerne Township and Luzerne Coal Company, 38 Fayette 26 (1975), quoting O'Connor v. Fellman, 39 D. & C. 2d 51 (C. P. Monroe Co. 1966).

As broad as this definition may seem, it does not mean that the scope of any discovery is unlimited. Not all questions are relevant even under this definition.

In the Klimowski deposition, these questions are beyond the scope of permissible discovery:

(1) "Did you tell Mr. Anthony Bandes before the 25th of October of this year that your privileges at some time in the past had been removed from you at the hospital?"

(2) "Are you a user of narcotics or any habit forming drugs?"

(3) "Do you drink alcoholic beverages?"

(4) "Do you participate in games of chance or gambling?"

In the Wieczorek deposition, these questions are irrelevant under the above definition:

(1) "When were you last accredited by the Joint Commission of accreditation of hospitals?"

(2) "What provisions do you make as administrator to be certain that the Pharmaceutical Department is administered in accordance with accepted ethical and professional standards?"

(3) "Now, what is done in your hospital to insure a patient's safety as to the dispensing of drugs, if anything?"

(4) "Are you making an attempt to have your Pharmacy Department comply and confirm with federal and state drug laws?"

Plaintiffs asked two questions of Dr. Klimowski, answers to which were also refused because of argued irrelevance. However, the court is of the opinion that the inquiry was relevant, and defendant will be ordered to answer these questions:

(1) "When he left the hospital in June of 1970, did you give Mr. Bandes any information or direction as to how he should care for the manic-depressive condition he suffered?"

(2) "Between June of 1970 and the time you admitted Mr. Bandes in February of 1973 to this same hospital, did you treat him at any time for his manic-depressive condition?"

Similarly, all questions asked of deponent Volkin concerning records kept in the Pharmacy Department of the hospital are relevant to the allegations that the hospital was negligent in the dispensing of certain addictive drugs to plaintiff. Information as to what records may be available in the pharmacy will be of great assistance to plaintiffs in developing this area of the case as to both the hos-

pital and Dr. Klimowski. Volkin will be ordered to answer questions in this line.

Mr. Wieczorek also refused to voluntarily produce certain documents, including the bylaws of Brownsville General Hospital, written policies of the Pharmacy Department and the medical staff concerning intra-hospital distribution of drugs, and the personnel files of Dr. Klimowski and Dr. Oswald Berrios. Such discovery is properly conducted by a motion to produce documents for inspection and copying under Pa. R.C.P. 4009(1). Such a motion was filed by plaintiffs, covering all these documents except the bylaws, on June 2, 1976. As such, consideration of the failure to produce these documents will not be undertaken under this motion for sanctions.

Therefore, the court is of the opinion that except for two questions in the Klimowski deposition and for the line of questions quickly halted in the Volkin deposition, all objections have been well taken. An order shall issue compelling Dr. Klimowski to answer questions relating to his treatment of Bandes for his manic-depressive condition. Also, Volkin will be ordered to answer questions concerning the record-keeping procedures of the Pharmacy Department of Brownsville General Hospital during the period relevant to this suit.

## ORDER

And now, March 11, 1977, after consideration, the rule for sanctions shall be made absolute and an order shall issue compelling Dr. Joseph Klimowski, also known as Dr. Joseph Klimoski, to answer questions relating to his treatment of Anthony Bandes for his manic-depressive condition. The rule for sanctions is also made absolute

and Irwin Volkin will be ordered to answer questions concerning the record-keeping procedures of the Pharmacy Department of Brownsville General Hospital during the period relevant to this suit.

Both orders in conformity with this opinion.