J-S32008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOHN VALENZUELA :
:
Appellant : No. 2656 EDA 2017

Appeal from the Order July 17, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007911-2011


BEFORE:  SHOGAN, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:                **FILED SEPTEMBER 16, 2019**

Appellant, John Valenzuela, appeals from the order denying his motion to preclude a polygraph examination.  We affirm.

On May 21, 2011, Appellant was arrested and charged with various crimes related to his sexual contact with his girlfriend's minor daughter.  On July 18, 2014, a jury convicted Appellant of the crimes of statutory sexual assault and corruption of minors.[1]  On June 26, 2015, the trial court sentenced Appellant to serve a term of incarceration of eleven and one-half to twenty-three months, to be followed by ten years of probation.  Appellant filed a timely post-sentence motion, which the trial court denied on October 29, 2015.  On direct appeal, this Court affirmed Appellant's judgment of sentence

_____

[1] 18 Pa.C.S. §§ 3122.1 and 6301, respectively.

on June 27, 2017. ***Commonwealth v. Valenzuela***, 3489 EDA 2015, 174 A.3d 104 (Pa. Super. filed June 27, 2017) (unpublished memorandum). Our Supreme Court denied Appellant's petition for allowance of appeal on February 21, 2018. ***Commonwealth v. Valenzuela***, 181 A.3d 1125 (Pa. 2018). Subsequently, Appellant filed a federal *habeas corpus* petition in the Eastern District of Pennsylvania, which was docketed at Civil Action No. 18-1246. On June 26, 2019, a report and recommendation order were entered, which recommended that all of Appellant's claims be dismissed or denied without an evidentiary hearing. ***Valenzuela v. Pennsylvania***, 2019 U.S. Dist. LEXIS 108625 (Pa. E.D. filed June 26, 2019).

Upon release from incarceration, Appellant began supervision with the Sexual Offenders Unit of the Philadelphia County Department of Probation and Parole ("the Department"). The Department sought to have Appellant submit to a polygraph examination under its sex offender treatment policy. Although Appellant participated in treatment, he denied having committed a sexual offense. Pertinent to this appeal, on October 19, 2016, Appellant filed a motion to preclude the polygraph exam. The trial court held a hearing on July 17, 2017. At the conclusion of the hearing, the trial court denied Appellant's motion. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

1) Does a defendant retain the right to refuse to answer [a] historical polygraph and/or questions about his sexual history,

- 2 -

based on Fifth Amendment[2] grounds after conviction and/or where his case is pending on collateral appeal?

Appellant's Brief at 2.

In his sole claim, Appellant argues that the trial court erred in denying his motion to preclude a polygraph examination. Appellant's Brief at 10-24. Appellant asserts that the polygraph violates his Fifth Amendment right to remain silent after trial. *Id*. at 12-21. In addition, Appellant avers that he retains the right to remain silent while his case is pending on collateral appeal. *Id*. at 22-24.

Initially, we address Appellant's claim that, because he has a Fifth Amendment right against self-incrimination, the trial court erred in declining to grant his motion to preclude the polygraph examination. We disagree.

It is well settled that "the privilege against self-incrimination can be asserted 'in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory.'" *Maness v. Meyers*, 419 U.S. 449, 464, (1975) (citation omitted). When the privilege is invoked in state proceedings, it is governed by federal standards. *Commonwealth v. Hawthorne*, 236 A.2d 519, 520 (Pa. 1968). "In other words, the standards to be … used in determining whether or not the silence of one questioned about the commission of a crime is justified are the same in both state and federal

---

[2] The Fifth Amendment provides, in pertinent part, that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.

proceedings." *Commonwealth v. Carrera*, 227 A.2d 627, 629 (Pa. 1967),

*superseded by statute on other grounds*, ***Commonwealth v. Swinehart***, 664

A.2d 957 (Pa. 1995).

Our review of a Fifth Amendment claim is governed by the following

principles:

> The Fifth Amendment declares in part that "No person … shall be compelled in any Criminal Case to be a witness against himself". This guarantee against testimonial compulsion, like other provisions of the Bill of Rights, "was added to the original Constitution in the conviction that too high a price may be paid even for the unhampered enforcement of the criminal law and that, in its attainment, other social objects of a free society should not be sacrificed." This provision of the Amendment must be accorded liberal construction in favor of the right it was intended to secure.

> The privilege afforded not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime. But this protection must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer. **The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself—his say-so does not of itself establish the hazard of incrimination.** It is for the court to say whether his silence is justified, and to require him to answer if "it clearly appears to the court that he is mistaken." However, if the witness, upon interposing his claim, were required to prove the hazard in the sense in which a claim is usually required to be established in court, he would be compelled to surrender the very protection which the privilege is designed to guarantee. **To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result.** The trial judge in appraising the claim "must be governed as much by

- 4 -

his personal perception of the peculiarities of the case as by the facts actually in evidence."

***Hoffman v. United States***, 341 U.S. 479, 485-487 (1951) (internal citations omitted and emphases added).

The constitutionality of requiring a convicted sex offender to submit to a polygraph test, in the aspect of a treatment program for sexual offenders, was addressed by this Court in ***Commonwealth v. Shrawder***, 940 A.2d 436 (Pa. Super. 2007). In ***Shrawder***, the appellant entered a *nolo contendere* plea to two counts of luring a child into a motor vehicle and two counts of corruption of minors. ***Id***. at 437. The appellant was sentenced to an aggregate term of three years of probation and was ordered to cooperate with any counseling programs, including sexual-offender counseling, which the adult probation department might deem appropriate. ***Id***. at 437-438. The probation department determined that sexual-offender counseling was appropriate. The appellant cooperated with the counseling for one year, but then learned that continued compliance required that he submit to a polygraph test. The appellant argued that a therapeutic polygraph conducted during sexual-abuse counseling, for which refusing to answer would be considered a probation violation, violated his rights under the Fifth Amendment of the United States Constitution and Article One, Section Nine, of the Pennsylvania Constitution – and was thus an unreasonable condition of probation. ***Id***. at 438-439. The appellant filed a motion for declaratory judgment, arguing that compliance with the polygraph test would violate his constitutional rights. ***Id***.

at 438. After a hearing, the trial court found the test to be a reasonable condition of probation in the sexual-offender counseling of the appellant. *Id*. The appellant appealed.

In the absence of pertinent authority in this Commonwealth, we consulted case law from other jurisdictions. We ultimately upheld the use of polygraph examinations for therapeutic purposes stating:

> [T]he therapeutic polygraph is an essential tool for a therapist whose job it is to reveal an offender's deception and encourage him or her to confront his or her urges and deviant behavior. The test results further the primary goal of counseling as part of a sexual offender's sentence, which is to rehabilitate the offender and prevent recidivism, with reasonably small incremental deprivations of the offender's liberty. We also note that, as [the counselor's] testimony indicates, the candor of Appellant or any other probationer is always expected during a probation inquiry, whether or not his responses are being recorded through a polygraph test. We therefore conclude that polygraph testing can, and in this case does, further sentencing goals without excessive deprivations of liberty and hold that a therapeutic polygraph is a proper element in a sex offender treatment program for a convicted sexual offender and does not violate a probationer's rights under the Fifth Amendment to the United States Constitution or under Article One, Section Nine of the Pennsylvania Constitution, **so long as the inquiries made pursuant to it relate to the underlying offense for which an offender has been sentenced and do not compel him or her to provide information that could be used against him or her in a subsequent criminal trial.**

*Shrawder*, 940 A.2d at 443 (emphasis added). We held that the appellant in *Shrawder* remained free to assert his Fifth Amendment privilege if any incriminating questions or coercive tactics were actually employed during the polygraph examination. *Id*. at n.6.

In addressing this argument, the trial court offered the following discussion:

> For his argument that he has a Fifth Amendment right not to take an instant offense polygraph examination, [Appellant] relies on *Commonwealth v. Fink*, 990 A.2d 751 (Pa. Super. 2010).[3] *Fink*, however, is inapposite to his claim. Although the Superior Court in *Fink* stated a defendant could invoke his right against self-incrimination to questions in the sexual offender treatment program, the court made clear a defendant's Fifth Amendment right is *not* violated where the questions asked "relate to the *underlying* offense for which an offender has been sentenced." *Id*. at 760 (emphasis added); *see also Commonwealth v. Shrawder*, 940 A.2d 436 (Pa. 2007) (finding a therapeutic polygraph examination is a proper tool in a sex offender treatment program, furthers sentencing goals without excessive deprivations of liberty, and does not violate a defendant's Fifth Amendment right to silence where questions pertain to the *underlying* offense).
>
> Moreover, it is well-settled that sexual offender treatment programs can "limit the use of the therapeutic polygraph examination to confront an offender with his own disingenuous statements regarding the activity that led to his conviction." *Commonwealth v. A.R.*, 990 A.2d 1, 7 (Pa. Super. 2010). The results from the therapeutic polygraph examination "do not undermine an offender's liberty interests but, instead, encourage him to face the deviant behavior that has already been established in fact at the guilt-phase of trial and encourage him to accept treatment for it." *Id*. Further, as the Commonwealth points out,

---

[3] In *Fink*, this Court reversed the sentence imposed following probation revocation, which was based upon the appellant's discharge from a treatment program due to refusing to take a polygraph examination that required him to answer detailed questions concerning every sexual encounter with a minor. We concluded that the Commonwealth failed to afford the appellant his privilege against self-incrimination, and found his responses to the polygraph questionnaire to be privileged. *Fink*, 990 A.2d at 761. This Court also concluded that the trial court erred in treating the appellant's refusal to answer the questionnaire as grounds for revocation. *Id*. Hence, the procedural posture in *Fink* is different from the instant case and renders *Fink* distinguishable.

results from a polygraph examination may only be introduced at a revocation proceeding and are not admissible at a criminal trial. **See Commonwealth v. A.R.**, **supra**. For these reasons, no relief is due.

Trial Court Opinion, 7/18/18, at 4-5.

Relying on **Shrawder**, we conclude that requiring Appellant to undergo a polygraph examination constitutes a reasonable condition of his probation and furthers the rehabilitative goals therein. Accordingly, we discern no error on the part of the trial court in denying Appellant's motion to preclude a polygraph examination. Thus, Appellant's contrary claim lacks merit.

In addition, Appellant argues that he is entitled to invoke his Fifth Amendment right to remain silent while his matter is on collateral appeal. Appellant's Brief at 22-24. However, Appellant's claim fails pursuant to this Court's decision in **Commonwealth v. Melvin**, 103 A.3d 1 (Pa. Super. 2014) ("**Melvin II**"). Specifically, this Court explained:

> In [**Commonwealth v.**] **Melvin**, [79 A.3d 1195 (Pa. Super. 2013) ("**Melvin I**"),] this Court reviewed applicable decisions of our Supreme Court and determined that the requirement that [the appellant] write apology letters violated her right against self-incrimination during the pendency of her **direct appeal**. **Id**. at 1203. We are aware of no federal or Pennsylvania state law, and [the appellant] has not cited to any, that supports the notion that the right against self-incrimination extends beyond the pendency of a **direct appeal**. As a result, we must conclude that [the appellant] is not entitled to relief from the apology letters requirement on constitutional grounds **after her direct appeal has been decided**.

**Melvin II**, 103 A.3d at 51 (emphases added).

The above-cited language explains that the right against self-incrimination does not extend beyond the direct appeal. Because Appellant's case is no longer pending on direct appeal, he may not employ this reasoning to avoid participation in the polygraph examination at issue. Therefore, this issue fails.

In summary, it is our conclusion that the trial court properly denied Appellant's motion to preclude the polygraph examination. Moreover, we recognize that Appellant remains free to assert his Fifth Amendment privilege if any incriminating questions or coercive tactics are employed during a polygraph examination. **See Shrawder**, 940 A.2d 436, 443 n.6.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/16/19