Commonwealth *v.* Carrera (et al., Appellant).

Argued December 5, 1966. Before BELL, C. J., MUS-
MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

Bernard L. Segal, with him Needleman, Needleman, Segal & Tabb, for appellant.

James D. Crawford, Assistant District Attorney, with him Alan J. Davis, Assistant District Attorney, and Arlen Specter, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, March 14, 1967:

The appellant Jane Doe, an unmarried female, was subpoenaed and called before a grand jury in Philadelphia County, and asked to testify in accordance with a voluntary statement she previously gave to the police to the effect that a certain physician and his nurse had performed an abortion upon her. She declined to answer on the grounds of self-incrimination and stated she was exercising this privilege under Art. 1, §9 of the Pennsylvania Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

Subsequently, she was brought before a judge of the Court of Quarter Sessions and directed to answer. When she persisted in her refusal to testify before the grand jury, she was adjudged in contempt of court and sentenced to a period of imprisonment.[1] From the judgment this appeal was filed. The judgment must be reversed.

The privilege afforded against compulsory self-incrimination by the Fifth Amendment to the United States Constitution is now protected under the Fourteenth Amendment against abridgment by the states:

---

[1] The lower court stayed execution of the judgment pending appeal.

*Malloy v. Hogan,* 378 U.S. 1 (1964). Accord, *Murphy v. Waterfront Commission of New York,* 378 U.S. 52 (1964); *Tehan v. U.S. ex rel. Shott,* 382 U.S. 406 (1966); and, *Commonwealth v. Negri,* 419 Pa. 117, 213 A. 2d 670 (1965). The privilege, if properly invoked in a state proceeding, is governed by federal standards. In other words, the standards to be now used in determining whether or not the silence of one questioned about the commission of a crime is justified are the same in both state and federal proceedings. See, *Malloy v. Hogan, supra.* And, under the more recent and now controlling federal decisions, it is not necessary that a real danger of prosecution exist to justify the exercise of the privilege against self-incrimination. It is sufficient if the person questioned has reasonable cause to apprehend such danger. See, *Hoffman v. United States,* 341 U.S. 479 (1951). Moreover, the privilege extends not only to the disclosure of facts which would in themselves establish guilt, but also to any fact which might constitute an essential link in a chain of evidence by which guilt can be established. See, *Hoffman v. United States, supra; Blau v. United States,* 340 U.S. 159 (1950); *United States v. Coffey,* 198 F. 2d 438 (1952); and, *In re Contempt of Myers and Brei,* 83 Pa. Superior Ct. 383 (1924).

When an individual, such as the instant appellant, is called to testify before a grand jury or in a judicial proceeding, he or she is not exonerated from answering questions merely upon the declaration that in so doing it would be self-incriminating. It is always for the court to judge if the silence is justified, and an illusory claim should be rejected. However, for the court to properly overrule the claim of privilege, it must be *perfectly clear* from a careful consideration of all the circumstances, that the witness is mistaken in the apprehension of self-incrimination and the answers

demanded *cannot possibly* have such tendency: *Hoffman v. United States,* supra.

Under the circumstances the instant case presents, it is not "perfectly clear" that the answers demanded of the appellant before the grand jury could not possibly have a tendency to incriminate her. On the contrary, it is clear that reasonable cause for such apprehension existed, and the privilege claimed should have been sustained.

Assuming arguendo, as the Commonwealth contends, that the victim cannot be prosecuted for her part in the abortion,[2] there is nothing in the law to prevent her prosecution for a crime unrelated to the abortion itself, such as fornication. Further, unless unusual circumstances exist as, e.g., rape, common sense dictates that an unmarried female who admits an abortion has been performed upon her acknowledges and admits she has committed fornication. This, in itself, was sufficient reasonable cause to give the appellant apprehension of the danger of prosecution. Remote though it may be, it still existed.

When the proceedings involved were before the court below, the assistant district attorney, appearing for the Commonwealth, advised the court that it was "his position" to proceed against only the doctor and nurse involved. The court took the view that this, in itself, rendered the appellant's apprehension of prosecution unfounded and stripped her of the privilege.

In its brief, the Commonwealth tacitly admits that no clear promise of immunity was indicated and suggests a remand of the proceedings for this purpose. It is our conclusion, in the absence of statutory authority

---

[2] See, *Snyder Appeal,* 398 Pa. 237, 157 A. 2d 207 (1960); *Commonwealth v. Bricker,* 74 Pa. Superior Ct. 234 (1920); and, *Commonwealth v. Sierakowski,* 154 Pa. Superior Ct. 321, 35 A. 2d 790 (1944).

providing district attorneys in the Commonwealth of Pennsylvania with the right to grant immunity to witnesses in criminal prosecutions, that a promise, as now suggested, would not be legally effective or binding.

Judgment reversed.