468 A.2d 503

## COMMONWEALTH of Pennsylvania

v.

## George Peter WEST, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 23, 1983.

Filed Nov. 25, 1983.

Petition for Allowance of Appeal Denied March 22, 1984.

330

Timothy W. Misner, Waynesboro, for appellant.

David W. Rahauser, Assistant District Attorney, Chambersburg, for Commonwealth, appellee.

Before WIEAND, CIRILLO and JOHNSON, JJ.

WIEAND, Judge:

George West was tried by jury and found guilty of burglary; post trial motions were denied, and a sentence of imprisonment was imposed. On direct appeal, West contends that the trial court erred in allowing Theresa Corbett, a defense witness, to refuse to testify on grounds that her answers would tend to incriminate her. We find no error in the trial court's ruling and affirm the judgment of sentence.

"It is clear that under both our state and federal constitutions, a criminal defendant has a right of compulsory process to obtain witnesses in his favor. Pa. Const. art. I § 9. *See Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). However, this right is qualified to the extent of existing testimonial privileges of witnesses, including the privilege against self incrimination...." *Commonwealth v. Allen*, 501 Pa. 525, 531, 462 A.2d 624, 627 (1983).

The standard against which a privilege under the Fifth Amendment can be claimed has been set forth in *Commonwealth v. Carrera*, 424 Pa. 551, 227 A.2d 627 (1967), as follows:

> When an individual ... is called to testify ... in a judicial proceeding, he or she is not exonerated from answering questions merely upon the declaration that in so doing it would be self-incriminating. It is always for the court to judge if the silence is justified, and an illusory claim should be rejected. However, for the court to properly overrule the claim of privilege, it must be *perfectly clear* from a careful consideration of all the circumstances, that the witness is mistaken in the apprehension of self-incrimination and the answers demanded *cannot possibly* have such tendency[.]

*Id.*, 424 Pa. at 553–554, 227 A.2d at 629 (emphasis in original) (citation omitted). See also: *Commonwealth v. Allen, supra* 501 Pa. at 530, 462 A.2d at 627; *Commonwealth v. Rolon*, 486 Pa. 573, 406 A.2d 1039 (1979); *Commonwealth v. Weaver*, 274 Pa.Super. 593, 418 A.2d 565 (1980); *Commonwealth v. Cooke*, 267 Pa.Super. 34, 405 A.2d 1290 (1979). It is not necessary that a real danger of prosecution exist. An individual may exercise the privilege if he or she possesses "reasonable cause to apprehend danger of prosecution." *Commonwealth v. Allen, supra* 501 Pa. at 531, 462 A.2d at 627; *Commonwealth v. Hawthorne*, 428 Pa. 260, 236 A.2d 519 (1968); *Commonwealth v. Nacrelli*, 280 Pa.Super. 338, 421 A.2d 752 (1980). Moreover, the privilege extends not only to the disclosure of

facts which would in themselves establish guilt, but also to any fact which might constitute an essential link in a chain of evidence by which guilt can be established. *Commonwealth v. Allen, supra; In re Grand Jury, April Term, 1977, Wayne County*, 251 Pa.Super. 43, 379 A.2d 323 (1977).

■ Whether a person may invoke a privilege against testifying is a question within the sound discretion of the trial judge. *Commonwealth v. Rolon, supra; In re Grand Jury, April Term, 1977, Wayne County, supra.* In appraising the claim of privilege the trial judge "must be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence." *Commonwealth v. Allen, supra* 501 Pa. at 531, 462 A.2d at 627, quoting *Hoffman v. United States*, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951).

■ The charges against appellant arose from an alleged breaking and entering of a bar in Chambersburg, Franklin County, and the theft therefrom of ale and whiskey. There was evidence that after the burglary had been committed, appellant and an accomplice returned to the apartment of appellant's sister where several persons, including appellant's girl friend, Theresa Corbett, participated in drinking the stolen alcoholic beverages. There was also testimony that Theresa Corbett, when she consumed the beverages, was aware that the same had been stolen. Under these circumstances, the trial judge did not err when he concluded that the testimony of the witness, Theresa Corbett, would have a tendency to incriminate her in criminal activity. Permitting the witness to assert the privilege against self-incrimination, therefore, was proper. A contrary ruling was not required merely because the witness at some time prior to trial had spoken to appellant's counsel and had corroborated appellant's version that he and the witness had retired early to a bedroom in the apartment of appellant's sister, where they remained at the time the burglary was committed.

The judgment of sentence is affirmed.