521 A.2d 517

City of Philadelphia *v.* Fraternal Order of Police, Lodge No. 5 and Eugene Boris, Petition for Enforcement of Subpoena to Eugene Boris. Eugene Boris, Appellant.

Submitted on briefs December 11, 1986, to Judges MACPHAIL and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Edward J. Morris, Edward J. Morris, P.C.,* for appellant.

*Ralph J. Teti,* Divisional Deputy City Solicitor, for appellee, City of Philadelphia.

OPINION BY SENIOR JUDGE BARBIERI, February 24, 1987:

Eugene Boris appeals to this Court the order of the Philadelphia County Court of Common Pleas compelling him to appear before Arbitrator Eli Rock to give testimony in the matter of the discharge of certain police officers upon penalty of being found in contempt in the event he failed to appear.

When nine former police officers grieved their individual discharges, the City of Philadelphia and the Fraternal Order of Police commenced arbitration pursuant to the grievance procedure established by the parties' collective bargaining agreement. One police officer had been discharged as a result of testimony given under oath by Boris in a federal criminal proceeding that that police officer had engaged in illegal activities in the conduct of his duties as a police officer. The arbitration proceeding to hear and decide the propriety of the City's action against the former officer was scheduled to begin on February 18, 1985. On February 8, 1985, Boris was subpoenaed by the City to appear and give testimony at the arbitration proceeding. Boris appeared, but did not take the stand. Instead Boris' attorney informed the arbitrator that Boris would not testify, that Boris was invoking his privilege under the Fifth and Fourteenth Amendments to the Constitution to re-

fuse to give testimony on the grounds that the testimony if given might incriminate him.

Subsequently, the City filed a petition with the common pleas court to enforce the arbitration subpoena which Boris answered. On June 3, 1985, the common pleas court entered the order which is the subject of this appeal. The court reaffirmed that order in an opinion issued August 20, 1985 upon Boris' appeal. The court acknowledged that "the privilege against self-incrimination is 'accorded liberal construction in favor of the right it was intended to secure' and may be claimed when a witness 'has reasonable cause to apprehend danger' from answering questions put to him. *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 818 (1951)." The statute governing the authority of a civil or criminal tribunal to compel a person other than the defendant to testify, the court added, prohibits the tribunal from compelling a witness to answer a question which, in the opinion of the trial judge, would tend to incriminate him. 42 Pa. C. S. §5941. Thus, in *Commonwealth v. Carrera*, 424 Pa. 551, 227 A.2d 627 (1967), the Pennsylvania Supreme Court stated:

> When an individual . . . is called to testify . . . in a judicial proceeding, he or she is not exonerated from answering questions merely upon the declaration that in so doing it would be self-incriminating. It is always for the court to judge if the silence is justified and an illusory claim should be rejected. . . .

424 Pa. at 553-54, 227 A.2d at 629.

The court concluded, upon observing that Boris never took the stand but simply invoked a blanket refusal to testify, that Boris' claims were not protected by the Fifth or Fourteenth Amendments since no questions had been asked him which would have enabled Boris, his counsel, or the court to evaluate whether reasonable cause existed to invoke the privilege.

Boris asserts on appeal that the potentially incriminating nature of his testimony becomes evident upon review of the City's petition to enforce the subpoena and its memorandum of law in support of the petition. Boris also cites *Commonwealth v. Carrera* in support of his position which states that "for the court to properly overrule the claim of privilege, it must be *perfectly clear* from a careful consideration of all the circumstances, that the witness is mistaken in the apprehension of self-incrimination and the answers demanded *cannot possibly* have such tendency. . . ." 424 Pa. at 554, 227 A.2d at 629 (emphasis in original).

We will affirm the court of common pleas. As our Supreme Court stated in *Commonwealth v. Bolger,* 229 Pa. 597, 79 A. 113 (1911), the privilege conferred by the Fifth and Fourteenth Amendments can be asserted only when the witness is actually called upon to testify to self-incriminating facts:

The constitution then confers upon every citizen the personal privilege of remaining silent whenever it reasonably appears that his testimony or declaration might result in self incrimination. 'The privilege is merely an option of refusal; not a prohibition of inquiry.' Wigmore . . . If a privilege, it may be asserted or waived at the choice of him who possessses it. If asserted, it must be when the time has arrived, when the conditions are present that make the exercise of the privilege reasonably necessary to secure the protection intended to be conferred. And of these matters the witness is not the only and final judge . . . 'To entitle a party called as a witness to the privilege of silence the Court must see, from the circumstances of the case and the nature of the evidence which the witness is called to give, that there is reasonable ground to

apprehend danger to the witness from his being compelled to answer; although if the fact of the witness being in danger be once made to appear, great latitude should be allowed to him in judging for himself the effect of any particular question. . . .'

229 Pa. at 601-602, 79 A. at 115.

Thus, prior to asserting the privilege, the witness must take the stand and be asked questions. If the witness believes the question requires an incriminating answer, then the witness may assert the privilege against self-incrimination. *See also Commonwealth ex rel. Esterline v. Esterline,* 181 Pa. Superior Ct. 532, 124 A.2d 133 (1956). Boris did not take the stand and was not asked any questions; therefore, the tendency of the answers to incriminate could not be judged and his refusal to testify was unprotected by the Fifth and Fourteenth Amendments.

## ORDER

AND NOW, this 24th day of February, 1987, the order of the Philadelphia County Court of Common Pleas in the above-captioned matter is hereby affirmed.