527 A.2d 621

City of Philadelphia, Appellant *v.* Fraternal Order of Police, Lodge No. 5, and Louis Gniotek and Eli Rock, in his capacity as Arbitrator, Appellees.

Argued June 11, 1987, before President Judge CRUMLISH, JR., Judge COLINS (P.), and Senior Judge NARICK, sitting as a panel of three.

*Ralph J. Teti,* Divisional Deputy City Solicitor, for appellant.

*Anthony J. Molloy, Jr., Mozenter, Molloy & Durst,* for appellees.

OPINION BY JUDGE COLINS, June 18, 1987:

The City of Philadelphia appeals an order of the Court of Common Pleas of Philadelphia County which affirmed an arbitration award reinstating Louis Gniotek as a Philadelphia police officer.

Gniotek was dismissed from the police force for conduct unbecoming an officer based upon allegations that he had, *inter alia,* solicited and accepted bribes, failed to report criminal conduct and knowingly associated with criminals. These charges were filed as a result of testimony offered by Eugene Boris, one of several vice figures who testified under oath in the matter of *United States v. Martin et al.,* Criminal No. 84-000106, in the United States District Court for the Eastern District of Pennsylvania. Gniotek's dismissal was upheld by the police Commissioner in a first-level grievance hearing and, pursuant to the applicable Fraternal Order of Police (FOP) collective bargaining agreement, thereafter submitted to binding arbitration.

On February 18, 1985, Boris, the only witness the City had against Gniotek, appeared at the hearing pursuant to the arbitrator's subpoena, but asserted his fifth amendment privilege to remain silent and refused to offer any testimony. The City petitioned the common pleas court for an order to compel Boris' testimony and, on June 3, 1985, Judge DIBONA issued an order directing him to testify or be held in contempt of court. Boris appealed that order to this Court and indicated to the City that he would not appear or testify at any future proceedings pending resolution of the subpoena appeal. The City consequently requested the arbitrator to keep the record open so that it could pursue its efforts to compel Boris' testimony and alternatively requested the

arbitrator to consider him unavailable and accept the notes of the testimony he had given in the federal proceeding.

In November 1985, while the subpoena appeal was pending in this Court, the arbitrator gave the City two additional weeks to have Boris or any other witness give live testimony, and, upon the City's failure to do so, ordered Gniotek to be reinstated. The arbitrator reasoned that the matter had already been delayed a long time, that a number of hearings had been held over many months, and questioned whether the City would be able to produce Boris' testimony in the near future.

In the City's appeal to the common pleas court from the arbitrator's award, Judge DiBona disagreed with the City's assertion that the arbitrator erred in refusing to withhold any decision pending this Court's resolution of the subpoena appeal. Judge DiBona held that the arbitrator was correct in concluding that Gniotek's right to confront and cross-examine his accuser outweighed the City's right to adduce evidence demonstrating just cause for the officer's removal. He noted that in the year elapsed since the matter was scheduled for arbitration the City was provided aid and support in its attempt to secure the testimony necessary to its position, during which time Gniotek remained off the force without means of challenging his accuser. Judge DiBona determined that the equities thus favored Gniotek and accordingly affirmed his reinstatement as a police officer.

The City contends that the arbitration award should be vacated pursuant to the provisions of Section 7314(a)(iv) of the Judicial Code, which pertinently provide:

(a)  **General rule—**
     On application . . . the court shall vacate an award where:

* * *

(iv)   the arbitrators refused to postpone the hearing upon good cause being shown therefor **or refused to hear evidence material to the controversy or otherwise so conducted the hearing** . . . as to prejudice substantially the rights of a party. . . .

42 Pa. C. S. §7314(a)(iv) (emphasis added).

The FOP maintains that Gniotek's due process right to a timely post-termination hearing would be impinged by the delay between his discharge and any future arbitration hearings, and argues that such concerns outweigh the City's need to fully present its case.

We must disagree with the FOP, however, for there is no contention that Gniotek was not afforded a timely pre-termination hearing. Moreover, there is no basis for compelling reinstatement merely because of delay attributable to the administrative appeals process. *Cleveland v. Loudermill,* 470 U.S. 532 (1985). In the instant case, the City undertook what action it could to expedite the testimony it needed to demonstrate good cause for the removal of an allegedly corrupt police officer. The delay was not the City's doing, but the result of the witness' efforts to avoid giving any testimony at all, notwithstanding the conclusion of the common pleas court that such avoidance was improper. Gniotek's due process rights were more than amply protected by the post-termination hearings and the prospect of reinstatement should the City fail to prevail in demonstrating just cause for his dismissal. Nor do we believe that the time spent in obtaining a final resolution on the merits was prejudicial to Gniotek's asserted rights. We further note that this Court affirmed Judge DiBona's order compelling Boris to testify upon penalty of being held in contempt. *Philadelphia v. Fraternal Order of Police,* 104 Pa. Commonwealth Ct. 187, 521 A.2d 517 (1987).

Under such circumstances, we believe that the common pleas court erred here in failing to vacate the arbitrator's award pending our disposition of the appeal taken from the court's own order compelling the witness' testimony the City required. That court's failure to give effect to the provisions of Section 7314 of the Judicial Code was clearly erroneous where, as here, the arbitrator had refused to postpone considering the matter while material testimony was being sought with due diligence, the absence of which was extremely prejudicial to the City as a party to the proceeding.

We will, therefore, reverse the order of the Court of Common Pleas of Philadelphia County, and order the matter remanded to the arbitrator with instructions to consider the issue of Gniotek's dismissal in light of the testimony to be procured pursuant to the arbitrator's subpoena as enforced through the order of the common pleas court dated June 3, 1985, as affirmed by this Court's order of February 24, 1987, in *Philadelphia v. Fraternal Order of Police.*

### ORDER

AND NOW, this 18th day of June, 1987, the order of the Court of Common Pleas of Philadelphia County, in the above-captioned matter, is hereby reversed and the matter is remanded to the Court of Common Pleas of Philadelphia County with directions to vacate the arbitrator's award and remand the matter to the arbitrator for further proceedings consistent with this opinion.

Jurisdiction relinquished.